## JOHN PETREE, Respondent, v. WILLIAM HARRIS, Appellant.

### No. 4099; August 15, 1864.

'Appeal—Sufficiency of Evidence to Support Findings.—Where
the testimony at the trial was amply sufficient to sustain the findings,
the judgment is not to be disturbed.

APPEAL from Sixth Judicial District, Sacramento
County.

In a loan transaction Petree gave one William Yule his note
for three hundred dollars, dated November 26, 1859, and
payable to Yule's order six months after date, with interest
at three per cent per month and to be compounded. The note
was secured by mortgage on real estate. On the 1st of No-
vember, 1861, an accounting between the parties revealed
four hundred and fifty dollars as due on the note, and this
amount Petree would have had run on therefrom as principal,
provided Yule would take two per cent per month interest
instead of three. Yule declined, but Harris, who now comes
into the transaction, was willing to loan money at two per
cent, and so had Yule assign the note and mortgage to him.
On the 31st of January, 1863, there was due on the note four
hundred and fifty-nine dollars, and Petree, in his complaint,
alleged that he then tendered to Harris that amount, and one
dollar in addition to defray the expense of satisfying the
mortgage; but Harris rejected the tender. The same tender
was made on the 2d of May following and again was rejected.
Petree then began suit to compel Harris to satisfy the mort-
gage, and Harris began a counter-suit for nine hundred and
forty dollars and for a foreclosure, and attorneys' fees therein.
Numerous receipts in writing for installments of interest at
two per cent paid in full were produced by the plaintiff at the

trial, but evidence on the part of Harris was to the point of there being an understanding that the reduction of interest was to depend upon promptness in payment as the installments became due.

D. W. Welty for respondent; George Cadwalader for appellant.

SAWYER, J.—There was no parol agreement to reduce interest on an existing debt, as claimed by the appellant. The court finds as facts that the transaction was a loan of money from Harris to Petree upon interest at two per cent per month —that instead of taking a new note and mortgage, Harris, with the assent of Petree, as security for the loan, took an assignment of the note and mortgage to Yule, which Petree desired to take up with the borrowed money. And the testimony is amply sufficient to sustain the findings. The allegations of the complaint of Petree in one case, and the affirmative matter set up in Petree's answer in the other, present the issues upon which the court made its findings.

As to the issue upon the amount tendered by Petree to Harris, the testimony was conflicting and we cannot disturb the finding. But on this issue, also, the finding seems to us to be supported by a preponderance of testimony.

The validity of the act of Congress making treasury notes a legal tender has already been upheld in the case of Lick v. Faulkner [25 Cal. 404], and other cases at the present term.

Finding no error in the record, the judgment is affirmed.

We concur: Sanderson, C. J.; Shafter, J.; Currey, J.; Rhodes, J.